HOUSTON, Justice.
Southern Scales, Inc., a vendor of industrial scales, purchased a general liability insurance policy from CIGNA Insurance Company (“CIGNA”). This policy, which had been purchased through Aronov Insurance, Inc., an independent insurance agency, did not cover Southern Scales for breach of warranty claims arising out of its sale of defective scales. After one of its customers filed a breach of warranty action against it, Southern Scales contacted Robert B. Smith, Jr., the Aronov representative with whom it had dealt in purchasing the policy, and made a claim for coverage. CIGNA denied that claim. Southern Scales then sued Aronov and Smith, alleging 1) that they had agreed to procure insurance covering breach of warranty claims and that they had failed to do so; 2) that they had negligently or wantonly failed to procure insurance covering breach of warranty claims; and 3) that they had fraudulently represented that they would procure insurance covering breach of warranty claims. Southern Scales sought both compensatory and punitive damages. The trial court entered a summary judgment for Ar-onov and Smith. Southern Scales appealed. We affirm.
The summary judgment was proper in this case if there was no genuine issue of material fact and Aronov and Smith were entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. The burden was on Aronov and Smith to make a prima facie showing that no genuine issue of material fact existed and that they were entitled to a judgment as a matter of law. If that showing was made, then the burden shifted to Southern Scales to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against it. In determining whether there was a genuine issue of material fact, we must view the evidence in the light most favorable to Southern Scales and must resolve all reasonable doubts against Aronov and Smith.
Because this case was not pending on June 11, 1987, the applicable standard of review is the “substantial evidence” rule. Ala. Code 1975, § 12-21-12.
The evidence in this case, even viewed in the light most favorable to Southern Scales, shows that Joe and Diana Mayber-ry, who dealt with Smith on behalf of Southern Scales, never requested the kind of coverage that they now contend they should have received (i.e., coverage for breach of warranty claims). In fact, the possibility of obtaining such insurance coverage was never a topic of discussion between the Mayberrys and Smith. The evidence shows, instead, that the Mayberrys were primarily concerned about Southern Scales’ fleet of trucks and that their discussions with Smith focused on the necessity of Southern Scales’ having full liability coverage on those trucks. Smith testified that he never recommended that the Mayberrys consider insuring Southern Scales against breach of warranty claims by its customers because, as far as he knew, that kind of coverage was simply not available. Although Smith speculated that such coverage might be obtainable through Lloyd’s of London, all of the witnesses in this case *726 who were knowledgeable about the insurance industry and the kinds of coverages available agreed with Smith’s assessment that insurance coverage for breach of warranty claims, such as the one made against Southern Scales, was not generally available. Southern Scales’ own expert testified that, under the circumstances of this case, Smith did not act negligently or wantonly.
We conclude from our examination of the record that the Mayberrys erroneously and unjustifiably assumed that coverage existed for breach of warranty claims made against Southern Scales. Aronov and Smith made a prima facie showing that they breached no contract or duty imposed by law to exercise reasonable care and that they made no misrepresentation of material fact in connection with their dealing with the Mayberrys and their handling of the Southern Scales account. Because Southern Scales failed to present substantial evidence, or any evidence for that matter, to create a genuine issue of material fact with respect to its claims alleging breach of contract, negligence, wantonness, and fraud, the summary judgment was proper. Rule 56.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and INGRAM, JJ., concur.